UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM L. NELLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 06-1704 (CKK) ) |
| ALBERTO GONZALES,<br>Attorney General, et al., | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (5) and (6), Defendants Alberto Gonzales, in his official capacity as Attorney General, Michael Leavitt, in his official capacity as Secretary of the Department of Health and Human Services, Elias A. Zerhouni, in his official capacity as the Director of the National Institute of Health, Thomas R. Insel, in his official capacity as Officer at the National Institute of Mental Health, Dave Foreman, in his official capacity as the District Director for Congressman Tom Davis, George Miller, in his official capacity as a member of the United States House of Representative, Tom Davis, in his official capacity as a member of the United States House of Representative, Justin Hamilton, in his official capacity as a Legislative Director for Congressman George Miller, and Jeffery A. Taylor, in his official capacity as the United States Attorney for the District of Columbia, respectfully request that this Court dismiss plaintiff's claims in their entirety.[1]

---

[1] Because plaintiff has not served defendants in their individual capacities, defendants appear for purposes of this motion in their official capacities only and hereby preserve all available defenses, including immunity from suit.

Defendant respectfully directs the Court to the accompanying memorandum in support of this motion. A proposed order providing for the relief sought herein is also being filed contemporaneously with this motion.

Plaintiff, who is proceeding pro se, is hereby advised that failure to respond to this motion may result in the district court granting the motion. See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should also take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits her own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h) & Fed. R. Civ. P. 56(e).

January 8, 2007                    Respectfully submitted,

                                   /s/
                                   JEFFREY A. TAYLOR, D.C. BAR # 498610
                                   United States Attorney


                                   /s/
                                   RUDOLPH CONTRERAS, D.C. BAR # 434122
                                   Assistant United States Attorney


                                   /s/
                                   JOHN HENAULT, D.C. BAR # 472590
                                   Assistant United States Attorney
                                   555 4th Street, N.W.
                                   Washington, D.C. 20530
                                   (202) 307-1249

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM L. NELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-1704 (CKK) |
| ) | |
| ALBERTO GONZALES, ) | |
| Attorney General, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

In sharp contrast to Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" of the grounds supporting the Court's jurisdiction and the facts supporting a plaintiff's claims, plaintiff in this case has filed a rambling complaint alleging such things as the dashboard light on his Isuzu Rodeo does not work and he apparently broke his computer. In fact, the *only* thing clear about plaintiff's complaint is that it is flawed; this Court lacks jurisdiction to hear his 42 U.S.C. § 1983 claims against the federal officials named as defendants and award his claimed damages, plaintiff has not served any of the defendants in their individual capacities such that they are before the Court in their individual capacities, and even if the named defendants had been served in their individual capacities, plaintiff fails to state a claim for which relief could be granted against the defendants in either their individual or official capacities.

**FACTS**

Plaintiff alleges that he was formerly employed by the Farm Service Agency in the United States Department of Agriculture, but resigned after, as he claims, his employer ordered him to submit to a psychiatric evaluation. Throughout his complaint, plaintiff discusses a variety

of topics, including the inadequacy of his social security payments, his inability to pay his rent, his "lost and stolen memories," his high school classmates, his failed marriage, the attack of September 11, 2001, Y2K, the broken dashboard light in his Isuzu Rodeo and his broken computer and printer. Compl. pp. 7, 16-19, 22-23.

Plaintiff names as defendants Alberto Gonzales, the Attorney General, Michael Leavitt, the Secretary of the Department of Health and Human Services, Elias A. Zerhouni, Director of the National Institute of Health, Thomas R. Insel, an employee of the National Institute of Mental Health, Dave Foreman, District Director for Congressman Tom Davis, George Miller, Congressman, United States House of Representative, Tom Davis, Congressman, United States House of Representative, Justin Hamilton, Legislative Director for Congressman George Miller, and Jeffery A. Taylor, United States Attorney for the District of Columbia.[1]

Regarding the House Defendants, plaintiff alleges that he took various grievances to them, but was dissatisfied with their response. He asserts that "[d]enial of service almost automatically constitutes a threat of a capital or infamous crime, and a violation of the fifth amendments, which also implies that the life of the constituency may be in danger, something that by itself is used for the purposes of extortion and deprivation of civil and human rights. It also constitutes unreasonable search and seizure under the fourth amendment. It also implies that the Congressman or members of his staff are not fit for public office." Compl. p.5. Plaintiff further claims that he "had a right to review these ['civil rights'] questions at the expense of

---

[1] For purposes of this motion, defendants Dave Foreman, District Director for Congressman Tom Davis, George Miller, Congressman, United States House of Representatives, Tom Davis, Congressman, United States House of Representatives, and Justin Hamilton, Legislative Director for Congressman George Miller will be referred to as the "House defendants." The remaining defendants will be discussed individually.

2

having a family of is own, which is a violation of [his] first and fourth amendment rights." Id. p.6.

Regarding his claim against the Attorney General, plaintiff alleges no wrongdoing. The only allegations relating to the Attorney General contained in plaintiff's complaint are that he spoke with "Miss Penhasovich" from the Attorney General's office on September 28, 2006 to make an appointment to see the Attorney General, Miss Penhasovich told plaintiff that all appointment requests should be made in writing, and that it is "mystifying" to plaintiff that federal employees would not have access to the Attorney General. Id. p.14-15.

Although plaintiff names the United States Attorney for the District of Columbia as a defendant, he alleges no wrongdoing, or any actions at all, on the United States Attorney's behalf. Similarly, although plaintiff names as defendants Michael Leavitt, the Secretary of Health and Human Services, Dr. Elian Zerhouni, Director, National Institute of Health, and Dr. Insel, National Institute of Mental Health, he makes no allegations of wrongdoing against these defendants.

## ARGUMENT

I. **THIS COURT LACKS JURISDICTION TO HEAR PLAINTIFF'S § 1983 CLAIMS AGAINST THE FEDERAL DEFENDANTS**

Plaintiff recites allegations against those defendants against whom he actually alleges took part in wrongdoing, then asserts that the alleged conduct violates 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of *state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added & citations omitted). To constitute state action for purposes of acting under

3

state law, "'the [alleged] deprivation must be caused by the exercise of some right or privilege created by the State. . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Id. (citing Luger v. Edmonson Oil Co., 457 U.S. 922, 936-37 (1982)) (citations omitted). Section 1983 does not apply to *federal officials* acting under color of *federal law*. See Heck v. Humphrey, 512 U.S. 472, 480 (1994) (stating that section 1983 provides access to a federal forum for claims of unconstitutional treatment at the hands of state officials). See also Williams v. United States, 396 F.3d 412 (D.C. Cir. 2005) (holding that a federal official making an arrest pursuant to state law cannot be sued under § 1983 because his authority to act comes from *Federal law* not state law).

Each of the defendants named in plaintiff's complaint are federal officials acting under color of federal law. In fact, notwithstanding plaintiff's citation to § 1983, he identifies *no actions* that were taken by any of the defendants pursuant to state law. Thus, plaintiff cannot maintain a § 1983 action against the federal officials acting pursuant to federal law.

It is well-settled that the United States cannot be sued without its consent, see, e.g., Ickes v. Fox, 300 U.S. 82, 96 (1937), and Hercules v. United States, 516 U.S. 417, 422-423 (1996), and the United States has not consented to suits under the civil rights statutes, including § 1983. See Hohri v. United States, 782 F.2d 227, 245 n.43 (D.C. Cir. 1986), reh'g denied, 793 F.2d 304 (D.C. Cir. 1987), rev'd on other grounds sub nom., United States v. Hohri, 482 U.S. 64 (1987); Unimex, Inc. v. United States Dep't of Housing & Urban Dev., 594 F.2d 1060, 1061 (5th Cir.1979). Because plaintiff's § 1983 claims are solely against federal employees acting under color of federal law, this Court lacks jurisdiction to consider plaintiff's claims.

## II. THIS COURT LACKS JURISDICTION TO HEAR PLAINTIFF'S CLAIMS OF CONSTITUTIONAL VIOLATIONS SEEKING MONEY DAMAGES AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES

As explained previously, plaintiff names as defendants federal officials acting under color of federal law as defendants in this action and seeks $15 million for the alleged constitutional violations, as well as relief relating to a broken computer and printer, a broken light in his personal car, providing insurance for his car, and paying rent. Although it is not clear if plaintiff is naming these defendants in both their official and individual capacities, those defendants sued in their official capacities should be dismissed from this action to the extent plaintiff seeks to hold them liable in their official capacity for money damages, as employees of the federal government sued in their official capacities are protected by sovereign immunity. It is well settled that the United States and its agencies are entitled to sovereign immunity from suit, and an action for damages may not be brought against the United States unless it waives sovereign immunity. F.D.I.C. v. Meyer, 510 U.S. 471 (1994). E.g., Pereira v. United States Postal Service, 964 F.2d 873 (9th Cir. 1992); Platsky v. C.I.A., 953 F.2d 26 (2d Cir. 1991); Rivera v. United States, 924 F.2d 348 (9th Cir. 1988); McCollum v. Bolger, 794 F.2d 602 (11th Cir. 1986), cert. denied, 107 S.Ct. 883 (1986).

Therefore, because the United States, its agencies, and employees sued in their official capacities have not waived sovereign immunity in Bivens actions, this action should be dismissed as to defendants named in their official capacities.[2]

---

[2] Defendant references Bivens herein because, to the extent plaintiff is seeking money damages for alleged Constitutional violations, his only avenue to obtain such would be through a Bivens action against defendants in their individual capacities. As explained herein, however, to the extent that plaintiff alleges wrongdoing against the defendants in their individual capacities, he has not served them in that capacity and, even if he did, his claims could not withstand a

III.  **TO THE EXTENT PLAINTIFF IS SEEKING TO HOLD DEFENDANTS LIABLE IN THEIR INDIVIDUAL CAPACITIES, HE HAS NOT PERFECTED SERVICE AGAINST THEM IN THAT CAPACITY**

Plaintiff's complaint does not make clear whether or not he is seeking to hold the named defendants liable in their individual capacity. If he is, however, this Court should dismiss plaintiff's claim for lack of proper service.

It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Id. Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) *personally*, or by leaving copies thereof at the defendant *dwelling house or usual place of abode* with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail at their dwelling or usual place of abode. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); See also Stafford v. Briggs, 444 U.S. 527 (1980). Moreover, the failure to effect individual service is fatal to a Bivens claim. Freeman v. Fallin, 210 F.R.D. 255, 256 (D.D.C. 2002) appeal withdrawn, 2004 WL 2943631 (D.C. Cir. 2004); Pollack v. Meese, 737 F.Supp. 663, 666 (D.D.C. 1990).

---

motion to dismiss.

The record in this action is devoid of evidence that any of the defendants have been served in their individual capacities. In fact, the only evidence of service on defendants shows that they were served by first class mail at their respective places of employment and that such mail was signed for by persons other than the named defendants, which is not sufficient to bring defendants before the Court in their individual capacities. Moreover, although a Court faced with improper service will usually provide a plaintiff additional time to make proper service, such an accommodation is not sufficient in this matter, as even if plaintiff did properly serve defendants in their individual capacities, his claims would still be dismissed.

## IV.     PLAINTIFF MAY NOT MAINTAIN HIS CLAIMS AGAINST THE HOUSE DEFENDANTS

**In addition to the foregoing reason for dismissal, the House defendants possess** unique defenses. First, to the extent that plaintiff is suing the House defendants because he is dissatisfied with their responses to his inquiries or expressions of concern, plaintiff's dissatisfaction does not give rise to a claim against these House defendants. See Minnesota State Board of Community Colleges v. Knight, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the right to speak, associate, and petition require government policy makers to listen or respond to individuals' communications on public issues."); Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988) (affirming dismissal in action against Member of Congress because failure to respond to constituent's request was "neither inappropriate nor actionable").

Second, to the extent that plaintiff is attempting to sue the House defendants for carrying our legislative activity, such a suit is barred by the Speech or Debate Clause of the U.S. Constitution. See Art. I, § 6, cl. 1. The performance or nonperformance of all legislative duties

7

falls squarely within the protection of the Clause. See Eastland v. United States Serviceman's Fund, 421 U.S. 491, 504 (1975); Gravel v. United States, 408 U.S. 606, 624-25 (1972). Thus, plaintiff may not maintain an action against the House defendants for the performance or nonperformance of their legislative duties.

Finally, to the extent that plaintiff maintains this action to seek to compel the House defendants to take some certain action, plaintiff lacks Article III standing to do so. See Keener v. Congress, 467 F.2d 952 (5th Cir. 1972) (affirming dismissal, for lack of standing, of plaintiff's action to compel Congress to take legislative action); Craft v. McNulty, 875 F. Supp. 121, 124 (N.D.N.Y. 1995) (dismissing for lack of standing action to compel legislative action in response to claims of alleged wrongdoing).

Thus, because the House defendants possess several unique defenses due to their status as members and employees of the Legislative Branch, in addition to the other defenses set forth herein, this Court should dismiss all claims against these defendants.

## V. PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS AGAINST WHOM HE ALLEGES NO WRONGDOING MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

Although plaintiff names the Attorney General, the United States Attorney for the District of Columbia, Michael Leavitt, the Secretary of Health and Human Services, Dr. Elian Zerhouni, Director, National Institute of Health, and Dr. Insel, National Institute of Mental Health, he makes no allegations of wrongdoing against any of these defendants.

To survive a Rule 12(b)(6) dismissal motion, a complaint need only provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (citing

Fed.R.Civ.P. 8(a)(2)). Unfortunately for plaintiff, not only does he fail to provide defendants Gonzales, Taylor, Leavitt, Zerhouni and Insel "fair notice" of what his claims are against these defendants, he fails to allege any wrongdoing against them whatsoever. Accordingly, his claims against these defendants should be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, this Court should dismiss plaintiff's defective claims in their entirety.

January 8, 2007                              Respectfully submitted,

                                                         /s/
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney


                                                         /s/
                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                        Assistant United States Attorney


                                                         /s/
                                        JOHN HENAULT, D.C. BAR # 472590
                                        Assistant United States Attorney
                                        555 4th Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 307-1249

**Certificate of Service**

I certify that on January 8, 2007, a copy of the foregoing was served by first class mail upon *pro se* plaintiff at:

William Nellis
1288 Bayside Avenue
Apartment 12
Woodbridge, VA 22191


        /s/
JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM L. NELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 06-1704 (CKK) |
| | ) |
| ALBERTO GONZALES, | ) |
| Attorney General, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendant's motion to dismiss.  Upon consideration of all applicable pleadings, applicable law, and the record herein, it is this _____ day of _____, 2007, hereby,

ORDERED, that defendant's motion is GRANTED.  Plaintiff's claims are hereby dismissed.  This is a final, appealable order.

_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE