UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM LAWRENCE NELLIS,

Plaintiff,

v.

ALBERTO GONZALES, *et al.*,

Defendants.

Civil Action No. 06-1704 (CKK)

**MEMORANDUM OPINION**
(March 30, 2007)

Plaintiff, William Lawrence Nellis, filed this action *pro se* on October 2, 2006. On January 8, 2007, Defendants filed a Motion to Dismiss in the above-captioned case. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the United States Court of Appeals for the District of Columbia Circuit held that a district court must take pains to advise *pro se* plaintiffs of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. In accordance, with the D.C. Circuit's holding, on January 29, 2007, the Court sent Plaintiff a notice advising him that he was required to respond to Defendants' Motion to Dismiss no later than February 27, 2007. *Nellis v. Gonzales*, Civil Action No. 06-1704, Order, (D.D.C. Jan. 29, 2007). The Court's January 29, 2007 Order further advised Plaintiff that if he did not respond to Defendants' Motion to Dismiss by that date, the Court would treat the motion as conceded and dismiss Plaintiff's Complaint. *Id.* Plaintiff has failed to respond to Defendants' Motion to Dismiss in the two months since this Court's January 29, 2007 Order, and the Court has verified with the Clerk of Court that no response to Defendants' Motion

to Dismiss has been received. As such, the Court shall grant as conceded Defendants' Motion to Dismiss in its entirety.

Furthermore, the Court has reviewed Defendants' Motion to Dismiss and determined that Defendants are also entitled to dismissal of Plaintiff's Complaint on the merits. Plaintiff's Complaint includes an amalgam of allegations and names the following as Defendants: Attorney General Alberto Gonzales; Secretary of the Department of Health and Human Services Michael Leavitt; Director of the National Institute of Health Elias A. Zerhouni; Officer at the National Institute of Mental Health Thomas R. Insel; District Director for Congressman Tom Davis, Dave Foreman; Congressman George Miller; Congressman Tom Davis; Legislative Director for Congressman George Miller, Justin Hamilton; and the United States Attorney for the District of Columbia. Plaintiff does not indicate whether he sues these Defendants in their individual or official capacities; however Plaintiff asserts that his claims are brought pursuant to 42 U.S.C. § 1983. As Defendants correctly argue in their Motion to Dismiss, "[t]o state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d. 40 (1988) (citations omitted). Plaintiff has sued only federal officials acting under color of federal law. As such, Defendants are not amenable to suit under § 1983. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 398 n.1, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (Harlan, J. concurring); *see also Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005) ("Section 1983 does not apply to federal officials acting under color of federal law.") (citations omitted).

Moreover, to the extent that Plaintiff seeks damages against Defendants in their official capacities, such claims are barred by the doctrine of sovereign immunity. "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 1349 (1980) (citation omitted). In addition, when government officials are sued in their official capacities, they are not personally liable for damages. *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). As a result, "[s]overeign immunity . . . bar[s] suits for money damages against officials in their *official* capacity absent a specific waiver by the government." *Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984) (emphasis in original). Here, Plaintiff's claims are barred because the United States has not waived sovereign immunity with respect to actions for damages based on violations of constitutional rights by federal officials, regardless of whether such actions are brought against the United States directly or against the officials in their official capacity. *Id.* at 103-04; *FDIC v. Meyer*, 510 U.S. 471, 478, 114 S. Ct. 996, 127 L. Ed. 2d (1994).

The caption of Plaintiff's Complaint appears to indicate that he sues Defendants in their official capacities, and Plaintiff's Complaint does not suggest that he brings his action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). However, to the extent that Plaintiff intended to sue Defendants in their individual capacities, the record is devoid of evidence that any Defendant has been served individually in accordance with Federal Rule of Civil Procedure Rule 4(e). Defs.' Mot. to Dismiss at 7; *see also Freeman v. Fallin*, 210 F.R.D. 255, 255-56 (D.D.C. 2002) ("Because a *Bivens* action seeks damages against federal officials in their individual capacities, defendants in

3

a *Bivens* action must be served as individuals under Rule 4(e).") (citing *Simpkins v. Dist. of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997)). The failure to perfect individual service is generally fatal to a *Bivens* action, *Freeman*, 210 F.R.D. at 256, and while, "pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings, *id.* (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)), the Court concludes that such latitude is not required because Plaintiff cannot maintain the instant action against Defendants in their individual capacities.

With respect to Defendants District Director Foreman, Congressman Miller, Congressman Davis, and Legislative Director Hamilton, Plaintiff's Complaint alleges that he took various grievances to them and was dissatisfied with their responses. However, as the Supreme Court has stated, "[n]othing in the First Amendment or this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues." *Minnesota State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285, 104 S. Ct. 1058, 79 L. Ed. 2d 299 (1984). Finally, although Plaintiff names Attorney General Gonzales, the United States Attorney for the District of Columbia, Secretary Leavitt, Director Zerhouni, and Dr. Insel as Defendants to this action, he makes no allegations of wrongdoing against them. Indeed, Plaintiff's Complaint does not even refer to these Defendants, with the exception of Attorney General Gonzales and, as to Attorney General Gonzales, alleges only that Plaintiff tried to make an appointment with the Attorney General and was told that requests for appointments must be made in writing. Compl. at 14-15. As such, Plaintiff's Complaint fails to state a claim on which relief may granted against any Defendant in their individual capacity, and must be dismissed pursuant to Federal Rule of

4

Civil Procedure 12(b)(6).

## CONCLUSION

For the foregoing reasons, [5] Defendants' Motion to Dismiss the Complaint in this action shall be DISMISSED in its entirety.

Date: March 30, 2007.

                                             _____
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge